IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD PALMER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 03-325-GPM |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Petitioner filed a motion for relief pursuant to 28 U.S.C. § 2255, which this Court dismissed without prejudice to refiling "if [*Blakely v. Washington*, 124 S. Ct. 2531 (2004)] is applied retroactively to cases on collateral review" (Doc. 12, p. 2). He then filed a motion to reconsider, which was denied. He appealed, and this Court denied his motion for a certificate of appealability. The Seventh Circuit Court of Appeals issued a mandate that Petitioner's notice of appeal was timely as to the order denying reconsideration only and held that rather than addressing the merits of the motion, this Court should have treated it as a successive collateral attack and dismissed it for lack of jurisdiction. Therefore, the order was vacated and the case remanded for a jurisdictional dismissal. (*See* Doc. 27.) In accordance with the mandate, on October 25, 2005, this Court issued an order modifying the reconsideration order such that the motion was dismissed for lack of jurisdiction. On December 20, 2005, Petitioner filed a notice of appeal and "submits that he will file a Memorandum and Brief in support of why this court should grant a appeal, within 30 working day's [sic] in which this notice of appeal has been filed by the Clerk of the court" (Doc. 29). He

asks that the Court reserve any ruling on the merits of the appeal for 30 days to permit him to submit his brief (*Id.*).

Pursuant to 28 U.S.C. § 2253(c)(1)(B), "an appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255" unless a certificate of appealability is issued. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Furthermore, "[t]he certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2)." *Id.* at § 2253(c)(3). Put simply, Petitioner may not proceed on appeal without a certificate of appealability issued by either this Court or the Court of Appeals for the Seventh Circuit.

In the notice of appeal, Petitioner states that his § 2255 claim "was clearly cognizable whereas the detention imposed runs afoul of the Sixth Amendment, and Rule 11(c)(1), appellant sought reconsideration of this claim in a earlier proceeding, where the court held the petition to a recharaterization [sic], and dismissed the petition based upon a lack of jurisdiction. This appeal is pursuant to the petition being held to a unreasonable standard which goes contrary to clearly established principles of Federal Law." (Doc. 29, p. 1.)

The Seventh Circuit Court of Appeals has held that *United States v. Booker*, 125 S. Ct. 738 (2005), and therefore Petitioner's reliance on *Blakely*, does not apply retroactively to criminal cases that became final before January 12, 2005, which Petitioner's did. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). Therefore, as this Court found with respect to Petitioner's first motion for a certificate of appealability, he has not made a substantial showing of a denial of a constitutional right with respect to his § 2255 claim. Moreover, as found by the Court of Appeals, he has not

timely appealed the denial of that claim.  Next, this Court dismissed the motion for reconsideration for lack of jurisdiction pursuant to the Court of Appeals' mandate.  Petitioner did not file a writ of certiorari after the issuance of that mandate.  Therefore, this Court is unclear what relief Petitioner is seeking.  In any event, he has not and cannot make a showing of a denial of a constitutional right with respect to the Court's October 25th Order.

The Court construes Petitioner's notice of appeal as an application for a certificate of appealability, and the application (Doc. 29) is **DENIED**.  There is no need for Petitioner to file further briefing in this Court, and he shall not do so.  Pursuant to Federal Rule of Appellate Procedure 22(b), Petitioner may present his request for a certificate of appealability to the Court of Appeals for the Seventh Circuit.

**IT IS SO ORDERED.**

DATED:  01/13/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge
